1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

CURTIS-GENE: CARROLL,

NO. 2:23-CV-0002-TOR

8

Plaintiff,

ORDER DISMISSING COMPLAINT

vs.

9

10

TUYET PITKONEN,
MARK HODGSON,

11

SHAUN HUPPERT,
XAVIER BECERRA, and

TANGULER GRAY,

12

13

Defendants.

14

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has

15

reviewed the record and files herein and is fully informed. For the reasons

16

discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) against

17

all Defendants are **DISMISSED with prejudice**.

18

**BACKGROUND**

19

Plaintiff Curtis-Gene: Carroll, proceeding *pro se* and *in forma pauperis*,

20

filed this suit on January 3, 2023, against five named Defendants. ECF No. 1. No

proof of service has been filed.  The Court entered an Order to Show Cause why this case should not be dismissed for failure to properly serve defendants and otherwise prosecute the case.   ECF No. 6.  Plaintiff filed an inadequate response on June 27, 2023.  ECF No. 7.

Plaintiff seeks damages in the amount of $10,000,000, custody of his son, and other relief.  Plaintiff's 63-page Complaint is incomprehensible.  Plaintiff appears to complain about various state court proceedings involving child support, custody and other family law matters.

## DISCUSSION

Federal Rule of Civil Procedure 4 provides that a summons and complaint must be served upon each defendant within 90 days of filing.  Rule 4(m) also governs the procedure that a district court must follow in the event that service is not completed within 90 days:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff filed a Complaint in this case on January 3, 2023.  ECF No. 1.  No summons was served on any Defendant.  On June 27, 2023, Plaintiff filed a response to the Order to Show Cause and claimed that the Clerk of Court has the

duty to prepare the summons and serve the summons on the Defendants via the

U.S. Marshal.  ECF No. 7.  Federal Rule of Civil Procedure 4(c)(1) plainly states

that "The Plaintiff is responsible for having the summons and complaint served

within the time allowed by Rule 4(m). . ."  Thus, no "good cause" has been shown

to extend the time for service and this matter will be dismissed.

Additionally, under the Prison Litigation Reform Act of 1995, the Court is

required to screen a complaint filed by a party seeking to proceed *in forma

pauperis*.  28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th

Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

to prisoners").  Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the
> court determines that (A) the allegation of poverty is untrue; or (B) the
> action or appeal (i) is frivolous or malicious; (ii) fails to state a claim
> on which relief may be granted; or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim

upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Accordingly, "[d]ismissal

is proper only if it is clear that the plaintiff cannot prove any set of facts in support

of the claim that would entitle him to relief." *Id*.  "In making this determination,

the Court takes as true all allegations of material fact stated in the complaint and

construes them in the light most favorable to the plaintiff." *Id*.  Mere legal

conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009).  The complaint must contain more than "a

formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to

relief that is plausible on its face." *Id.* at 570.  The Court construes a *pro se*

plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.

*Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation

omitted).

The Court finds that Plaintiff has failed to state facts which "plausibly give

rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plaintiff has failed to establish the subject matter jurisdiction of this Court or

jurisdiction over the named Defendants.

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff's

"allegations of material fact are taken as true and construed in the light most

favorable to the plaintiff[,]" however "conclusory allegations of law and

unwarranted inferences are insufficient to defeat a motion to dismiss for failure to

ORDER DISMISSING COMPLAINT ~ 4

state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662.

Furthermore, Plaintiff's allegations are insufficient to state a viable claim against the named Defendants.  Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

1    A complaint must set forth the specific facts upon which the plaintiff relies

2    in claiming the liability of each defendant.  *Ivey v. Bd. of Regents*, 673 F.2d 266,

3    268 (9th Cir. 1982).  Even a liberal interpretation of a civil rights complaint may

4    not supply essential elements of a claim that the plaintiff failed to plead.  *Id*.  To

5    establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating

6    how each Defendant caused or personally participated in causing a deprivation of

7    Plaintiff's protected rights.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981);

8    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

9    Plaintiff appears to disagree with the results of the referenced state court

10   proceedings, but this Court does not supervise the state courts.  The state appellate

11   courts have jurisdiction to review lower state courts' decisions.

12   Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

13   must be given the opportunity to amend his complaint to correct any deficiencies.

14   *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

15   U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

16   2012).  The Court finds that it is absolutely clear that no amendment will cure the

17   deficiencies in Plaintiff's Complaint.  Therefore, the Court dismisses Plaintiff's

18   Complaint with prejudice.

19   Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

20   *pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.  If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

2. Plaintiff's *in forma pauperis* status is **REVOKED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** June 30, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 7